## MARY J. NEAFIE v. HOBOKEN PRINTING AND PUBLISHING COMPANY.

Submitted July 6, 1905—Decided February 28, 1906.

1. The right to recover punitive damages rests primarily upon the single ground of wrongful motive, and when such motive is not inherent in the offence which fixes the defendant's legal liability, the burden rests upon the plaintiff of presenting proof from which such wrongful motive may be inferred.
2. Punitive damages cannot be recovered against a master for the malicious tort of his servant unless the master has participated in the tortious act, expressly or impliedly, by conduct authorizing or approving it.
3. Absence of proof that the master did *not* authorize the servant's act before it was done, or did *not* afterward ratify it, does not supply the place of evidence that he did authorize it or did ratify it.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, PITNEY and REED.

For the rule, *William D. Edwards.*

*Contra, William H. Speer.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action for libel, brought against the defendant, a corporation, for damages caused by a libelous publication printed in the "Observer," a daily newspaper published by it in Hoboken. The verdict went for the plaintiff, and the jury assessed her damages at $5,000. The defendant was allowed a rule to show cause why the verdict should not be set aside, and assigns numerous reasons why the rule should be made absolute. Only one of these reasons, however, needs to be considered in disposing of the case, namely, that the trial justice erred in charging the jury that it might assess exemplary or punitive damages against the

defendant. The charge was that such damages might be recovered if the jury were satisfied that the publication was malicious on the part of the defendant, that it was published from actual ill will, or from an intentional disregard of the rights of the plaintiff.

In the case of *Peterson* v. *Middlesex and Somerset Traction Co.*, decided by the Court of Errors and Appeals at the November Term, 1904, and reported in 42 *Vroom* 296, it is declared that in this state the liability to respond in punitive damages is ordinarily limited to the actual wrong-doer, and that those who are only consequentially responsible for the wrong-doer's act, on account of their relation to him, are excluded from such liability, unless they have participated in the act expressly or impliedly by conduct authorizing or approving it, either before or after it was committed.

The evidence produced on the part of the defendant and sent up with the rule discloses that the libelous article complained of emanated from a reporter on the newspaper, and that it went into the paper after being supervised by the city editor; that it was published without the knowledge of the managing editor, the executive head of the corporation, who was absent from duty on the day of the publication by reason of sickness; and that subsequently, upon his attention being called to the article by a representative of the plaintiff, and a request made for a retraction, such retraction was published in the paper. No proof was offered on the part of the plaintiff from which it could be fairly inferred that either the managing editor, or any other person entitled to represent the corporation, authorized the publication of the libel before its insertion in the paper, or in any way ratified such action subsequently.

In this condition of the evidence there was nothing to justify a finding by the jury that the publication was malicious *on the part of the defendant*. And this was the situation which the case would have presented, even without the evidence submitted by the defendant for the purpose of rebutting any inference of prior authorization or subsequent ratification. The right to recover punitive damages rests

primarily upon the single ground of wrongful motive, and when such motive is not inherent in the offence which fixes the defendant's legal liability, the burden rests upon the plaintiff of presenting some proof from which such wrongful motive may be inferred. Absence of proof that the employer did *not* authorize the servant's act before it was done, or did *not* afterward ratify it, cannot (to quote the language of Mr. Justice Garrison in *Haines* v. *Schultz,* 21 *Vroom* 481), be permitted to take the place of evidence that he did authorize it, or did ratify it, without leading to a most dangerous extension of the doctrine *respondeat superior.* As is pointed out in that case, the doctrine "is a rule of limitation as well as of liability. If a principal must, on the one hand, answer for his agent's wrong-doing, on the other hand, his liability is circumscribed by the scope of his agent's employment, unless there be proof of a ratification by him of his agent's misconduct."

It was error to permit the jury to assess punitive damages against the defendant, and for this reason the rule to show cause must be made absolute.