OTTO TISCHMAN, DEFENDANT IN ERROR, v. ERIE RAIL
ROAD COMPANY, PLAINTIFF IN ERROR.

Submitted March 23, 1911—Decided October 8, 1911.

1. The question being whether or not a bell on a locomotive engine
   was rung in approaching a grade crossing, testimony of the
   plaintiff that he stopped ten or fifteen feet from the tracks and
   looked and listened for the train, and that he did not hear any
   bell, and that no bell was rung, justifies the submission of the
   question to the jury, though the defendant company's engineer
   and fireman testified that it was rung.
2. When, from the evidence, the jury might have legitimately found
   that the plaintiff, who stopped his heavily loaded team and made
   careful observations ten or fifteen feet from the defendant's rail-
   road tracks at a grade crossing, could not see more than two
   hundred feet in the distance because of the darkness of the night
   and a "very heavy" snow storm, though on a clear day there was
   a clear view of the tracks for twelve hundred feet from that
   point, it was a question for the jury whether he was guilty of
   contributory negligence in going forward, when the testimony
   tended to show that the crossing gates were open, that the auto-
   matic crossing gong was silent, and that the train, which, un-
   known to him, was approaching at a speed of thirty-five miles an
   hour, and which struck his wagon, gave no statutory signals.

On error to the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and
TRENCHARD.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought to recover dam-
ages for personal injuries sustained by the plaintiff in a col-
lision with the defendant's train at the "County Road" cross-
ing of the defendant's tracks on the outskirts of Jersey City.

The trial resulted in a verdict for the plaintiff, and the judgment entered thereon is now here for review.

The proofs at the trial tended to show the following matters of fact: The plaintiff, a man twenty-six years old, approached the double-track grade crossing in question at six-thirty o'clock on the evening of January 16th, 1909, driving in a loaded garbage wagon drawn by two horses. The night was dark and stormy. At the time it was snowing "very heavily." The plaintiff was quite familiar with the crossing, at which the defendant maintained gates, an automatic gong, and also a signboard upon which was printed, "Watchman on duty from seven A. M. to seven P. M." When the plaintiff reached a point ten or fifteen feet from the tracks he stopped, looked both ways and listened, but neither saw nor heard the train which, unknown to him, was approaching at a speed of thirty-five miles an hour. He testified that he did not hear any bell nor whistle, and that no bell was rung and no whistle blown. The gates at the crossing were open, and the automatic gong was silent. The plaintiff then went forward, his horses on a walk, still looking and listening, and his wagon was struck by the engine coming upon the first track, and he was thereby injured. According to the testimony upon the part of the plaintiff, it was impossible, on account of the severity of the snow storm, to see more than two hundred feet. It further appeared that, from the point where the plaintiff stopped, there was a clear view, on a clear day, one thousand two hundred feet up the track in the direction from which the train approached. According to the testimony upon the part of the plaintiff, the automatic gong at the crossing was out of order.

It is now contended—first, that there was no evidence from which the jury could legitimately find that the bell on the engine had not been rung as directed by the statute, and hence, that the trial judge erred in submitting that question to the jury, and second, that contributory negligence upon the part of the plaintiff conclusively appeared.

These questions, and only these, are raised by assignments of error based upon exceptions.

We are of opinion that the state of the testimony justified the trial judge in submitting to the jury the question whether or not the bell on the engine was rung as directed by the statute. The accident having occurred within the corporate limits of a city, the trial judge, in his charge, limited the negligence of the defendant to a finding by the jury that the defendant failed to ring a bell upon the engine as directed by section 35 of "An act concerning railroads." *Pamph. L.* 1903, *p.* 663. We are not concerned with the legal propriety of such instruction, because the defendant did not object to it at the trial and does not complain of it here.

Passing then to the question raised and argued, we think that the testimony of the plaintiff that he stopped ten or fifteen feet from the tracks, and looked and listened for a train, and that he did not hear any bell and that no bell was rung, fully justified the submission of the question whether the bell was rung to the jury, though the defendant's engineer and fireman testified that it was rung. *Rogers* v. *West Jersey Railroad Co.*, 46 *Vroom* 568.

The cases of *Eissing* v. *Erie Railroad Co.*, 44 *Vroom* 343, and *Holmes* v. *Pennsylvania Railroad Co.*, 45 *Id.* 469, are not parallel.

We are also of opinion that the question of the alleged contributory negligence of the plaintiff was for the jury.

This question must be determined without reference to chapter 35 of *Pamph. L.* 1909 (at *p.* 54), or chapter 96 of *Pamph. L.* 1909 (at *p.* 137), because the accident in the present case occurred before such statutes took effect.

The argument of the defendant seems to be that if the plaintiff had exercised due care in making his observation, when he stopped for that purpose ten or fifteen feet from the tracks, he would have seen the approaching train. It is predicated upon the undisputed fact that on a clear day he would have had an unobstructed view of the track for one thousand two hundred feet. But that contention ignores the fact that it was a dark and stormy night and that it was open to the jury to find that the snow storm was so severe that the plaintiff could not see more than two hundred feet. The testimony

upon the part of the defendant tends to show that in fact, because of the snow, the lights on the train could not be seen more than one hundred feet away. It was also open to the jury to find from the evidence that, from the point where the plaintiff stopped to make his observations, to the point at which he was struck, he had to travel about thirty feet; that his average speed, considering that he had first to start his heavily loaded team, was two and one-half miles an hour, and that the speed of the train was thirty-five miles an hour. It is seen, therefore, that the jury might legitimately infer that when he started, the train was at least four hundred and twenty feet away. In going forward he had to look not only in the direction from which the train came, but the other way, and also ahead for the footing of his horses. Taking into consideration the fact that the gates were open, that the automatic gong at the crossing was silent, and the evidence that the statutory signals were not given, it cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence. On the contrary, the inference is clearly permissible that he was struck at the crossing, notwithstanding due care upon his part.

The judgment of the court below will be affirmed.