## OPINION OF THE JUSTICES TO THE SENATE.

A statute undertaking to exempt trade unions and associations of employers and their members and officials from liability for tortious acts committed by or on behalf of such a union or association would be unconstitutional.

THE following order was passed by the Senate on April 22, 1912, and on April 26, 1912, was transmitted to the Justices of the Supreme Judicial Court. On May 8, 1912, the Justices returned the answer which is subjoined.

ORDERED, That the opinion of the Justices of the Supreme Judicial Court be required by the Senate upon the following question of law:

Is an act of the Legislature constitutional which provides that an action shall not be entertained by any court against a trade union, or an association of employers, or against any members or officials thereof, in respect to a tortious act alleged to have been committed by or on behalf of a trade union or an association of employers ?

AND BE IT FURTHER ORDERED, That the Justices of the Supreme Judicial Court be informed that the foregoing question is propounded with a view to legislation upon the subject therein mentioned, and that, for their more particular information, a copy of House Document No. 377, being a bill accompanying a petition now pending in the Legislature and relating to the subject-matter concerning which the foregoing question is propounded, be transmitted to the Justices.

To the Honorable Senate of the Commonwealth of Massachusetts:

We, the Justices of the Supreme Judicial Court, have considered the question upon which our opinion is required by the order of April 22, 1912, a copy of which is hereto annexed, and respectfully submit this opinion:

The Constitution of the United States in art. 14 of the Amendments expressly provides that: No State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Absolute equality before the law is a fundamental principle of our own Constitution. Frequent expressions to this effect are found in various articles. For example, it is said that "All men are born free and equal;" that "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and property, according to standing laws;" that "Every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character;" and that the several departments of government are separated "to the end it may be a government of laws and not of men." Declaration of Rights, art. 1, 10, 11 and 30.

The proposed bill to exempt associations of employers and trade unions and their members and officials from actions of tort committed by or on behalf of such association or union is plainly contrary to these constitutional guaranties. It gives to certain favored ones, selected arbitrarily, immunity from that equal liability for civil wrongs which is a sign of equality between citizens and residents. It undertakes to clothe combinations of employers and laborers with special power denied to other employers and laborers and other members of society. In another aspect, it deprives all individuals and associations, other than those named, of the protection to safety, liberty and property which any free government must secure to its subjects. It takes from them the unhampered right to assert in the courts claims against all who tortiously assail their person and property and to recover judgment for the injuries done. It would prevent all persons from having recourse to law for vindication of rights or reparation for wrongs against the privileged few therein designated. It imposes upon

some burdens of which others in like situation are relieved. It throws obstacles in the pathway of those outside unions or associations in the pursuit of their livelihood and in the prosecution of their business not interposed in the way of members of such organizations. It purposes to give to one class of wage-earners advantages withheld from others not belonging to a trade union who are engaged in the same kind of work and for the same employer. It frees one set of employers from obligations to which their competitors, who are independent of the association, are subjected. In short, it destroys equality and creates special privilege.

Manifestly, it needs no discussion and no further statement to demonstrate that legislation like that embodied in the bill would violate in many respects underlying principles and fundamental provisions of the Constitution of this Commonwealth and of the United States.

> ARTHUR P. RUGG.
> JAMES M. MORTON.
> JOHN W. HAMMOND.
> WILLIAM CALEB LORING.
> HENRY K. BRALEY.
> HENRY N. SHELDON.
> CHARLES A. DeCOURCY.