Allen, J.
 

 The agreed statement of facts shows that the relator was charged with violation of rule No. 915, and also charged with violation of article
 
 *462
 
 11, rule I, which penalizes “willfully and continuously violating rules and regulations of the department.” It is also shown by the record that, during the period from 1925 to the time of discharge, the relator has been once suspended for one day for a minor infraction of the rules, and that this has been the only disciplinary action taken against him during his term as police officer, excepting the dismissal out of which the present suit arose. No consideration was given to this suspension by the director of public safety or by the civil service commission.
 

 It is argued by counsel on behalf of the director of public safety that the relator was discharged not merely for violating order No. 915, but for “willfully and continuously violating the rules and regulations of the department.” However, in view of the conceded fact that the only infraction of the rules, which was the subject of the dismissal charge, was the institution of suit against the Cleveland Railway Company, we are compelled to regard the charge under order No. 915 and the charge of “willfully and continuously violating the rules and regulations” as being identical in substance.
 

 The order in question was issued by the chief of the division of police, which under the Municipal Code is “to be administered and controlled by a chief of police, subject to the provisions of the charter and ordinances of the City of Cleveland and to the direction of the director of public safety.” Order No. 915 does deal with the control and administration of the division of police, and therefore the order was properly promulgated by the chief of police.
 

 The director of public safety later dismissed the relator from its employment as policeman, under this order, and, in so doing, approved it.
 

 
 *463
 
 If order No. 915 covered the institution of a lawsuit in court, the relator did violate the order, with knowledge of its contents, and purposely. The order applies to claims for personal injuries such as this record presents. While there is some cogency in the suggestion of the city law department that the chief of police can hardly be held to technical legal precision in the issuance of an order, the order itself is precise and definite in terms. It requires every member of the department not to demand or request or accept anything of value for settling any civil case, or to submit any case, whether civil or criminal, to the prosecutor or any attorney for settlement unless the policeman receives permission from the office of the chief of police. Hence its application is not limited to cases of property damage.
 

 We agree with the contention of the plaintiff in error that the order to apply for permission to institute the demand carries with it the right either to refuse or grant the permission. The order does not read that such claims cannot be instituted unless the policeman consults with the police department. It specifically provides that the claim cannot be urged unless the policeman receives permission from the police department to do so. However, we do not agree that the rule governed the institution of this action. It was issued in a wise and certainly most commendable effort to eliminate the coercion of private citizens by police officers in damage cases. It was construed both by the director of public safety and by the civil service commission as forbidding resort to the courts. If this construction is proper, it makes the order unconstitutional, for it places a
 
 *464
 
 superior officer as an intermediary between the courts and the citizen, deciding whether or not the court shall receive his suit. This construction deprived Christian of his resort to the courts, and therefore deprived him of a constitutional right guaranteed him by Section 16 of Article I of the Constitution of Ohio, which provides that:
 
 “All
 
 courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.” He was justified in instituting a suit in the courts without consultation with his superior officer, and hence his dismissal upon that ground was improper. The writ will be allowed. The question of money damages we do not decjde.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Kinkade and Robinson, JJ., concur.