## Ludwig v. Johnson et al.

(Decided April 29, 1932.)

534

WILLIAM J. GOODWIN for appellant.

HENRY J. TILFORD for appellees.

ORIE S. WARE, DAVID R. CASTLEMAN, and TYE, SILER, GIL-LIS & SILER, amici curiae.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

This is an action for damages for personal injuries resulting from the alleged negligent operation of an automobile by the appellee Darwin Johnson. Appellant, who was the plaintiff below, was riding in the automobile as the guest of Darwin Johnson at the time of the accident in which he received his alleged injuries. The appellee Thomas J. Johnson was made a defendant on the theory that he was liable under the "family purpose" doctrine.

It is alleged in the petition in substance that the appellant was injured while riding in an automobile driven by Darwin Johnson, and that his injuries were caused by the negligence of the latter. It is further alleged that the automobile was owned by the appellee Thomas J. Johnson, and was maintained by him for the use and benefit of the members of his family, including his son, Darwin Johnson, who was operating the automobile on the occasion in question with his father's knowledge and consent. The lower court sustained Thomas J. Johnson's demurrer to the petition. This ruling was correct. The petition failed to allege that Darwin Johnson was under 21 years of age or was a person whom his father was under a moral or legal obligation to support. Therefore it failed to state a cause of action under the "family purpose" doctrine

against the appellee Thomas J. Johnson. U. S. Fidelity & Guaranty Co. v. Hall, 237 Ky. 393, 35 S. W. (2d) 550; Creaghead v. Hafele's Admr., 236 Ky. 250, 32 S. W. (2d) 997; Malcolm v. Nunn et al., 226 Ky. 275, 10 S. W. (2d) 817; Bradley et al. v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100.

Darwin Johnson's demurrer to the petition was overruled, and he filed an answer which was in two paragraphs. The first paragraph was a traverse, and in the second paragraph the defendant alleged that upon the occasion referred to in the petition the plaintiff was being transported in the automobile operated by defendant as the defendant's guest without payment for such transportation. The plaintiff filed a demurrer to the second paragraph of the answer, the demurrer was overruled, he declined to plead further, and a judgment was entered dismissing his petition.

The second paragraph of the answer stated facts constituting a defense to the cause of action set up in the petition if the act of the General Assembly of 1930, commonly known as the "guest statute," is valid. Chapter 85, Acts 1930; Baldwin's 1931 Supplement to Carroll's Kentucky Statutes, sec. 12-7. That act, including the title, reads:

"An Act releasing owners of motor vehicles from responsibility for injuries to passengers therein. . . . No person transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation shall have a cause of action for damages against such owner or operator for any injuries received, death, or any loss sustained, in case of accident, unless such accident shall have resulted from an intentional act on the part of said owner or operator."

It is appellant's contention that this act violates sections 14, 54, and 241 of our Constitution, and is void. We are met at the outset, of course, with the universally applied principle that every presumption is in favor of the validity of an act of the Legislature, and that every doubt as to the constitutionality of a law must be resolved in favor of its validity. Campbell v. Commonwealth, 229 Ky. 264, 17 S. W. (2d) 227, 63 A. L. R. 932; Harbison v. George, 228 Ky. 168, 14 S. W. (2d) 405. Such principle, however, has no application when the enactment of the particular statute under consideration is

either expressly or by necessary implication inhibited or is subversive of the purposes and intentions of the makers of the Constitution. It then becomes the duty of the courts to pronounce the statute unconstitutional.

Prior to the enactment of the "guest statute," the rule was well settled in this state that the driver of an automobile owed an invited guest the duty of exercising ordinary care in its operation. Beard v. Klusmeier, 158 Ky. 153, 164 S. W. 319, 50 L. R. A. (N. S.) 1100, Ann. Cas. 1915D, 342; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363. Section 241 of the Constitution reads in part: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same." Under the common law an action could not be maintained for the wrongful death of another. Smith's Admr. v. National Coal & Iron Company, 135 Ky. 671, 117 S. W. 280; Eden v. Lexington & Frankfort Railroad Company, 14 B. Mon. 204. An action to recover for the wrongful death of a person can only be maintained in this state by virtue of section 241 of the Constitution and section 6, Kentucky Statutes, enacted pursuant thereto. It was clearly the purpose of this provision of the Constitution to do away with the common-law principle that a civil action could not be maintained to recover damages for the wrongful death of a person and thus to cure the then existing inequalities in rights and liabilities flowing from negligent or wrongful conduct.

Under the present Constitution, actions for death are governed by the same principles as actions for injuries where death does not result. The "guest statute" under consideration undertakes to take away the right to recover for death resulting from negligence, or wrongful act amounting to anything less than an intentional act, and to that extent it clearly contravenes section 241 of the Constitution. In Howard's Admr. v. Hunter, 126 Ky. 685, 104 S. W. 723, 724, 31 Ky. Law Rep. 1092, the court, speaking of this section of the Constitution, said:

"It was the manifest intention of the constitutional provision quoted to allow an action to be maintained whenever the death of a person was caused by the negligent or wrongful act of another

and it is not within the power of the Legislature to deny this right of action. The section is as comprehensive as language can make it. The words 'negligence' and 'wrongful act' are sufficiently broad to embrace every degree of tort that can be committed against the person."

It is argued that, if this concededly invalid provision of the statute is eliminated by eliminating the word "death," the remaining provisions of the statute, which apply only to a gratuitous passenger in an automobile who receives nonfatal injuries, do not contravene section 241 of the Constitution, and are therefore valid, and should be sustained on the ground that the invalid part of the act is not vital to the whole and can be separated from the valid part.

On the other hand, the appellant argues that, if the act should be given such a construction, it would be repugnant to the equal protection clause of Amendment 14 of the Constitution of the United States, since, if the law applies to nonfatal injuries and not to fatal injuries, an unreasonable classification is created. It is unnecessary to pursue that avenue of inquiry, however, as we have concluded that the act as a whole is repugnant to other provisions of our own Constitution, and is therefore void.

Section 54 of the Constitution reads: "The general assembly shall have no power to limit the amount recovered for injuries resulting in death, or for injuries to person or property." It is insisted that this section of the Constitution does not guarantee the continuation of the right of action theretofore existent, but merely applies to such causes of action as continue to exist, and prohibits the Legislature from limiting the amount of damages to be recovered for injuries resulting in death or for injuries to person or property so long as a right of action exists for such injuries, but does not prohibit it from abolishing the right of action.

In Kentucky State Journal Co. v. Workmen's Compensation Board, 161 Ky. 562, 170 S. W. 437, 1166, 1168, L. R. A. 1916A, 389, Ann. Cas. 1916B, 1273, the Workmen's Compensation Act was declared invalid because it violated section 54 of the Constitution. In the course of the opinion it was said:

"We will go a little further and examine the provisions of section 32 of this act. Suppose the

employee, desiring to rely upon the causes of action given him by the Constitution and laws of this state, does not accept the so-called benefits of this act, then in that event, under section 32 of this act, the employee, prior to receiving an injury, is compelled to give notice to his employer and to the board that he will not accept the provisions of this act. This notice must be served as provided by the Civil Code for serving notices.

"So if, after this notice has been served, the employee should be injured or killed while in the service of the employer, he or his personal representative may sue his employer to recover damages; then his right to recover is barred by the provisions of this act, if his injury was caused or contributed to by the negligence of any other employee of said employer, or if the injury was due to any of the ordinary hazards or risks of the employment, or if due to any defect in the tools, machinery, appliances, instrumentality, or place of work, if the defect was known or could have been discovered by the injured employee by the exercise of ordinary care on his part, or was not known or could not have been discovered by the employer by the exercise of ordinary care in time to have prevented the injury, nor in any event if the negligence of the injured employee contributed to such injuries.

"Now when his right to recover is restricted by such qualifications and conditions as these, we think these qualifications and conditions constitute, within the meaning of section 54 of the Constitution, not only a limitation upon the amount to be recovered, but practically destroy his right of recovery."

In the Kentucky State Journal Company case the court, by implication, if not expressly, held that section 54 of the Constitution inhibited the Legislature from taking away from an employee, without affording him the right of election to work under the act, his right to recover damages for injuries resulting from the negligence of his employer. It might be argued that the court was not required to go that far in that case in order to hold invalid the act there under consideration, but we think the interpretation there given to section 54 of the Constitution is sound. When that section is read in connec-

tion with other sections of the same instrument, such as sections 14 and 241, the conclusion is inescapable that the intention of the framers of the Constitution was to inhibit the Legislature from abolishing the rights of action for damages for death or injuries caused by negligence.

Section 14 of the Constitution provides that: "All courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." No exception is made to the provision that every person for an injury done him in his person shall have remedy by due course of law.

So-called guest statutes somewhat similar to the one under consideration have been enacted in a number of states, and many of them have been declared or treated by the courts of the respective states as valid. Silver v. Silver, 108 Conn. 371, 143 A. 240, 65 A. L. R. 943, affirmed by the Supreme Court of the United States, 280 U. S. 117, 50 S. Ct. 57, 74 L. Ed. 221; Naudzius v. Lahr, 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1189; Sorrell v. White, 103 Vt. 277, 153 A. 359; Siesseger v. Puth, 211 Iowa 775, 239 N. W. 46. In Silver v. Silver, the Connecticut statute was assailed as invalid on the ground that it contravened the equal protection clauses of the state and Federal Constitutions. It was held that the classification of passengers in automobiles as gratuitous passengers and passengers who pay for their transportation was reasonable, and that the Legislature was acting within the limits of the police power in making a distinction between the degree of care to be exercised by the operator of a motor vehicle toward a guest and that to be exercised toward one who pays for his transportation. Article 1, sec. 12, of the Connecticut Constitution, is similar to section 14 of our Constitution, but that section was not mentioned in the opinion in the Silver case.

In Naudzius v. Lahr, the Michigan statute was assailed as invalid on the same ground. The validity of the statute was upheld. The Constitution of Michigan contains no provisions similar to the provisions of either sections 14, 54, or 241 of our Constitution. In Sorrell v. White and Siesseger v. Puth, the constitutionality of the Vermont and Iowa statutes was not attacked. The Constitution of each of these states contains a provision sim-

ilar to the provisions of section 14 of our Constitution, but there is no provision in either of the Constitutions similar to the provisions of sections 54 and 241 of our Constitution. Likewise the Constitution of Connecticut contains no sections similar to sections 54 and 241 of our Constitution.

In Stewart v. Houk, 127 Or. 589, 271 P. 998, 999, 272 P. 893, 61 A. L. R. 1236, a guest statute similar to the one under consideration was declared to be in conflict with article 1, sec. 10, of the Oregon Constituion, which provides:

> ". . . And every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The court said:

> "The purpose of this provision is to save from legislative abolishment those jural rights which had become well established prior to the enactment of our Constitution."

And further:

> "The proponents of this act doubtlessly felt it was unjust, that one who gratuitously conveys another in his automobile should be subjected to a claim for damages if an injury should befall the latter. But, if the buttress erected by this constitutional provision for the safeguarding of long-established rights can be pierced by this piece of legislation, an entry will be effected through which may come other legislation in substitution for the safe-guarded common-law rights. It is clear we possess no power to sanction the entry and the substitution."

On a petition for rehearing, the court's attention was called to the case of Silver v. Silver, supra, but it distinguished that case and adhered to its former opinion. Stewart v. Houk, 127 Or. 589, 271 P. 998, 272 P. 893, 61 A. L. R. 1236.

In Eastman v. Clackamas County (C. C.), 32 F. 24, 32, the court referring to the clause of section 10 of article 1 of the Oregon Constitution quoted above, said:

> "The latter clause of this section has an important bearing on this case. To begin with, it may be

admitted that the remedy guaranteed by this provision is not intended for the redress of any novel, indefinite, or remote injury that was not then regarded as within the pale of legal redress. But whatever injury the law, as it then stood, took cognizance of and furnished a remedy for, every man shall continue to have a remedy for by due course of law. When this constitution was formed and adopted, it was and had been the law of the land, from comparatively an early day, that a person should have an action for damages against a county for an injury caused by its act or omission. If this then known and accustomed remedy can be taken away in the face of this constitutional provision, what other may not? Can the legislature, in some spasm of novel opinion, take away every man's remedy for slander, assault and battery, or the recovery of a debt? and, if it cannot do so in such cases, why can it in this?"

At its 1912 session the Senate of Massachusetts had under consideration an act exempting trade unions and employers' associations and members and officers thereof from liability for tortious acts committed by or on behalf of such unions or associations. The Senate applied to the justices of the Supreme Judicial Court of Massachusetts for their opinion as to the constitutionality of the proposed act, a practice authorized under the laws of Massachusetts. It was held that the proposed act was in violation of the guaranty to every subject of a remedy by recourse to law for injuries received contained in article 11 of the Massachusetts Declaration of Rights, which reads:

"Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws."

In the course of the opinion which was submitted in response to the question propounded by the Senate, it was said:

"It takes from them the unhampered right to assert in the courts claims against all who tortiously assail their person and property and to recover judgment for the injuries done. It would prevent all persons from having recourse to law for vindication of rights or reparation for wrongs against the privileged few therein designated." In re Opinion of the Justices, 211 Mass. 618, 98 N. E. 337.

In Hanson v. Krehbiel, 68 Kan. 670, 75 P. 1041, 64 L. R. A. 790, 104 Am. St. Rep. 422, the Supreme Court of Kansas held that a statute which limited the right of recovery in cases of libel to actual damages where a fair retraction of the libelous statement was made was violative of section 18 of the Kansas Bill of Rights, in that it denied the right to one injured in his reputation to have remedy therefor by due course of law. See also, City of Amarillo v. Tutor (Tex.) 267 S. W. 697; Osborn v. Leach, 135 N. C. 628, 47 S. E. 811, 66 L. R. A. 648; Randolph v. City of Springfield, 302 Mo. 33, 257 S. W. 449, 31 A. L. R. 612; Neafie v. Hoboken Printing & Publishing Co., 75 N. J. Law 564, 68 A. 146; Post Publishing Co. v. Butler (C. C. A.), 137 F. 723; State v. Barry, 123 Ohio St. 458, 175 N. E. 855, 74 A. L. R. 497.

In Johnson v. Higgins, 3 Metc. 566, and also in Barkley v. Glover, 4 Metc. 44, it is said in effect that section 14 of our Constitution is a restriction on the judicial, and not on the legislative, branch of government, but this observation was unnecessary in the decision of those cases, and is clearly unsound in view of section 26 of our Constitution, which is the concluding section of the Bill of Rights, and which reads:

"To guard against transgression of the high powers which we have delegated, We Declare that everything in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or contrary to this Constitution, shall be void."

In the much later case of Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176, a legislative act was held to be in violation of Section 14.

The statute under consideration violates the spirit of our Constitution as well as its letter as found in sec-

tions 14, 54, and 241. It was the manifest purpose of the framers of that instrument to preserve and perpetuate the common-law right of a citizen injured by the negligent act of another to sue to recover damages for his injury. The imperative mandate of section 14 is that every person, for an injury done him in his person, shall have remedy by due course of law. If the allegations of appellant's petition are true, he has suffered serious injuries occasioned by the negligent acts of the appellee Darwin Johnson. The Constitution guarantees to him his right to a day in court for the purpose of establishing the alleged wrong perpetrated on him and recovery of his resultant damages. We conclude that chapter 85 of the Acts of the General Assembly of 1930 is unconstitutional and void.

The judgment is affirmed as to Thomas J. Johnson and reversed as to Darwin Johnson, with directions to sustain the demurrer to paragraph 2 of the answer and for further proceedings consistent herewith.

The whole court sitting.

CHIEF JUSTICE DIETZMAN and JUDGE THOMAS dissent from so much of the opinion as holds the act in contravention of secs. 14 and 54 of the Constitution.