DIAMOND STATE TELEPHONE COMPANY, a Delaware corporation, v. WILLIAM D. HUNTER.

(*April* 21, 1941.)

TERRY, J., sitting.

*Daniel F. Wolcott* for plaintiff.

*Melvin Hopkins* for defendant.

Superior Court for Kent County, Action on the case, No. 23, February Term, 1940.

TERRY, Judge.

There exists a presumption of law, if a person while engaged in the operation of a motor vehicle permits himself to fall asleep, that such conduct on his part constitutes negligence. The reason for the rule creating such a presumption is obvious. However, the rule extends no further than a presumption. It is not conclusive. The burden of proof merely shifts, so to speak, to the defendant to satisfactorily account for his conduct to the Jury, and in the event the Jury accepts the defendant's explanation of his conduct, and it is found to be sufficient, then the presumption is successfully rebutted and is of no further force and effect.

The defendant in this case has not by positive or direct testimony accounted for the cause of the conduct on his part. Yet, he has established, if acceptable to the

Jury, facts that would successfully rebut the presumption of negligence existing against him. The question under the plaintiff's motion, therefore, resolves itself into an issue of fact, the determination of which lies solely within the province of the Jury. The motion for a directed verdict, for the reasons above, was denied.

After argument of counsel to the Jury, I charged the Jury in substance and in part as follows:

Ordinarily. one cannot go to sleep while driving an automobile without having relaxed the vigilance that the law requires. It is within his control to keep awake or cease driving, and so the mere fact of the defendant's act in going to sleep while driving his automobile is a proper basis for an inference of negligence sufficient to make a prima facie case, and sufficient for recovery for the plaintiff, if not successfully rebutted to your satisfaction.

Sleep does not ordinarily come upon one unawares, and by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to others or to their property. The failure to either ward off sleep or to cease such a dangerous activity, as in this case the operation of an automobile, after having been warned of the imminence of sleep, constitutes negligence.

As I have stated before, the act of falling asleep while driving an automobile raises a presumption of negligence against that party; however, this is a presumption only, and can be rebutted by evidence showing that the defendant as a careful and cautious man could not have foreseen that he was about to fall asleep. Such evidence, however, must be of a real and tangible nature, in order to overcome the presumption of negligence on the part of the

defendant. It should not be vague or fanciful, but must be substantial and convincing.

For one to voluntarily drive an automobile upon a public highway at any time of the day or night with his eyes closed, or to yield to sleep while operating such a type of dangerous vehicle, is to be guilty of a degree of negligence exceeding the lack of ordinary care, and is a manifestation of recklessness and negligence in itself.

One cannot be held to be negligent for what he does or fails to do in the operation of an automobile after he has involuntarily fallen asleep any more than he could be so held after he had suffered a stroke of paralysis or had been suddenly stricken blind, because the failure to exercise care and caution presupposes that the person sought to be charged is capable of understanding and perception.

The defendant, in this case, admits having fallen asleep while operating his automobile, aforesaid. The question, therefore, for you to determine is, Was the defendant negligent, under the facts and circumstances, in permitting himself to fall asleep?

If you should conclude that the defendant did not have sufficient sleep prior to the time of the accident, or that he had taken alcoholic liquors or drugs, or that he was not mentally alert and physically fit immediately prior to his falling asleep, or that his act in falling asleep was accompanied by some notice to him, then the presumption of negligence on the part of the defendant would not be rebutted, and your verdict would be for the plaintiff.

However, if you should believe that the defendant had sufficient sleep prior to the accident; that he had not taken any alcoholic liquors or drugs; that he was mentally alert and physically fit immediately prior to fall-

ing asleep; that the act of falling asleep was entirely involuntary on his part and not accompanied by any notice whatsoever to him, then, in that event, the presumption of negligence on the part of the defendant would be successfully rebutted, and your verdict would be for the defendant.

The Jury disagreed.