**ANSBACK v. GREENBERG (two cases).**

Court of Appeals of Kentucky.
Dec. 5, 1952.

As Modified on Denial of Rehearing
March 13, 1953.

Sal Pinto and Hargadon, Bennett & Le-Maire, Louisville, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellee.

COMBS, Justice.

The Ansbacks, husband and wife, and the appellee, Phil Greenberg, went to Florida to visit a daughter of the Ansbacks. The trip was made in Mr. Greenberg's new Buick and it was agreed the Ansbacks would pay one-half the cost of the gas and oil. On the return trip through the state of Georgia, Greenberg, who was driving, permitted the automobile to run off the road and turn over. The Ansbacks were injured. In this suit by them for damages the court directed a verdict for Greenberg.

We must first decide whether the Georgia law or the Kentucky law applies. The general rule, of course, is that an action for personal injuries must be tried under the law of the state where the injury occurred. Under the Georgia law, a guest in an automobile cannot recover from the owner for accidental injuries unless the acts causing the injuries amount to gross negligence. Harris v. Reid, 30 Ga.App. 187, 117 S.E. 256. The Ansbacks admit the general rule but rely on the exception to the rule which is that Kentucky courts will not follow the law of another state if that law is against the public policy of Kentucky. The basis for the argument is that this court, in the case of Ludwig v. Johnson, 243 Ky. 533, 534, 49 S.W.2d 347, held unconstitutional a Kentucky statute prohibiting recovery by a guest in an automobile against his host, except for an intentional act. The Ludwig case, to our mind, is not applicable. The question here is whether the Ansbacks have a cause of action under the Georgia law where the injury occurred. If they have no cause of action there, they have none here, and we don't reach the question of enforcing a right created by a law of another jurisdiction which might be contrary to the public policy of this state. The general rule is tersely stated in Restatement, Conflict of Laws, section 384(2): "If no cause of action is created at the place of wrong, no recovery can be had in any other state." Also see Jones v. Jones, 312 Ky. 240, 227 S.W.2d 182. We have no doubt the cause of action must be tested under the Georgia law.

The only evidence of negligence in this case is that Greenberg fell asleep at the wheel and permitted the car to run off the road. So the questions presented are: (1) Were the Ansbacks guests or paying passengers? (2) Was Greenberg guilty of gross negligence?

The weight of authority is that the sharing of the cost of gasoline and oil consumed on a trip, when the trip is taken for pleasure or social purposes, does not transform into a passenger one who without such exchange would be a guest. McCann v. Hoffman, 9 Cal.2d 279, 70 P.2d 909; Bushouse v. Brom, 297 Mich. 616, 298 N.W. 303; Jones v. Jones, 312 Ky. 240, 227 S.W. 2d 182, in which the Court quoted from Duncan v. Hutchinson, 139 Ohio St. 185, 39 N.E.2d 140, 143. The rationale of the rule is stated in the Indiana case of Albert McGann Securities Co. v. Coen, 114 Ind.App. 60, 48 N.E.2d 58, 62, 1000:

"* * * where the intended relationship is that of host and guest, the mere fact that benefits have been conferred upon the host will not change his legal status nor that of his guest. Thus, the motives which actuate the parties concerned constitute a primary consideration. Accordingly, when the 'benefit' rule is invoked, the transportation must have found its impulse in some mutual understanding from which the carrier has the right to obtain, or expect, some material benefit to himself."

Other cases to the same effect are Fiske v. Wilkie, 67 Cal.App.2d 440, 154 P.2d 725; McCornack v. Pickerell, 225 Iowa 1076, 283 N.W. 899; Barnard v. Heather, 135 Neb. 513, 282 N.W. 534; Hale v. Hale, 219 N.C.

191, 13 S.E.2d 221. Although a few isolated cases from other states seem to hold to the contrary, they are decidedly in the minority. Counsel for the Ansbacks place considerable emphasis on the case of Holtsinger v. Scarbrough, 69 Ga.App. 117, 24 S.E.2d 869, but we do not consider the holding in that case inconsistent with the majority rule. It is our conclusion that the Ansbacks were guests of Greenberg, and not paying passengers within the meaning of the Georgia law.

 Gross negligence is defined by the Georgia Code, Sec. 105–203, as the absence of slight diligence which is equivalent to saying, as we do in Kentucky, that it is the failure to exercise slight care.

 Most courts hold that merely falling asleep at the wheel of an automobile, in the absence of facts which ordinarily would create an appreciation of such danger, is not gross negligence. A typical case is Boos v. Sauer, 266 Mich. 230, 253 N.W. 278, 279, where it was said: "It is also the weight of authority that the mere falling asleep is not gross negligence." In Richards v. Parks, 19 Tenn.App. 615, 93 S.W. 2d 639, 645, the Tennessee Court said:

"* * * and, of course, where falling asleep is relied upon as gross negligence, as must be the case here, it would be necessary that the driver was aware of the danger of falling asleep and, in utter forgetfulness and disregard of, and indifference to the legal rights and safety of the injured party, continued to drive the car, proximately resulting in the injury complained of."

To the same effect are Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 44 A.L.R. 785; Cooper v. Kellogg, 2 Cal.2d 504, 42 P. 2d 59; Gilliland v. Harris, 25 Ala.App. 549, 150 So. 184; Diamond State Tel. Co. v. Hunter, 2 Terry 336, 41 Del. 336, 21 A.2d 286; Kaplan v. Kaplan, 213 Iowa 646, 239 N.W. 682.

 We have found no Georgia case directly in point, but the holding in Tucker v. Andrews, 51 Ga.App. 841, 181 S.E. 673, leads us to believe the Georgia court would follow the majority rule. In the Tucker case the Court quoted with approval this statement from a Vermont case, Anderson v. Olson, 106 Vt. 70, 169 A. 781:

"Automobile driver's mere error in judgment, momentary inattention, or loss of presence of mind does not indicate such indifference to duty owed guest or forgetfulness of latter's safety as to authorize guest's recovery for resulting injuries on ground of gross negligence." [51 Ga.App. 841, 181 S.E. 676.]

Although Greenberg admittedly was negligent in falling asleep at the wheel, we are of the opinion he was not guilty of gross negligence in the absence of circumstances sufficient to put him on notice of the danger that sleep might overtake him.

The judgment is affirmed.