**Helen WESSLING, Appellant,**

v.

**Lenice C. PARIS, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

Harry L. Hargadon, Hargadon, Hargadon, Lenihan & Harbolt, Louisville, for appellant.

Victor Ewen, Jones, Ewen, Mackenzie & Peden, John G. Crutchfield, Thomas G. Mooney, Louisville, for appellee.

Farland Robbins, Mayfield, Fred C. Dolt, Louisville, amicus curiae.

WILLIAMS, Chief Justice.

Appellant Helen Wessling rode across the river from Louisville, Kentucky to New Albany, Indiana, as a guest passenger in an automobile owned and operated by appellee Lenice C. Paris. The automobile was involved in an accident in New Albany and appellant was injured. She brought suit against appellee in the Jefferson Circuit Court. In his answer appellee pleaded the Indiana Guest Statute (Statute 47–1021). Summary judgment for appellee was entered and this appeal results.

The sole question is whether the Indiana Guest Statute shall apply.

In the past it has been the policy to apply the law of the state where a tort occurs in an action arising out of that tort. However, the time has come to re-examine that

principle. As was pointed out by Chief Justice Kenison, of the Supreme Court of New Hampshire, in Clark v. Clark, 222 A. 2d 205 (1966), no conflict of laws authority today agrees that the old rule shall be retained. Few states which have had occasion to re-examine the matter have retained the old rule. Those which have, have done so primarily because they were not willing to abandon an established and familiar precedent.

No doubt the rule recognized in Ansback v. Greenberg, Ky., 256 S.W.2d 1 (1952), and other cases, has the merit of simplicity and convenience. To say that the law of the state where an automobile accident occurs always governs the rights of the parties avoids the necessity of examining the true legal relationship of the parties or other considerations which might be more consonant with a just result. When we recognize there is no other requirement that the law of a foreign state be applied in the local forum except the adopted policy of such forum, that policy should be re-examined in the light of changing conditions and developing legal concepts.

It seems apparent that the reason for the rule given in the Ansback case (above cited) begs the question. There the automobile accident happened in Georgia and the opinion states that if the plaintiffs had no cause of action in Georgia they had none in Kentucky. This ignores the fact that the suit was brought by Kentucky residents in a Kentucky court, and the real question was whether the parties had a cause of action *in this Commonwealth.* Georgia certainly had no interest in that controversy.

In the present case appellant and appellee were residents of and domiciled in this state. The automobile trip was initiated here. By fortuitous circumstances the accident happened on the other side of the Ohio River instead of on this side. The suit was brought in this state. It would be strange if under Kentucky law the respective rights of the parties should undergo some metamorphosis at a point on the bridge just before reaching the Indiana shore.

While it might be said that Indiana has a policy of protecting drivers on their highways from claims by passengers, surely this must extend no further than an interest in protecting Indiana residents or those who sue in Indiana courts. No highway safety problem is involved. In fact the State of Indiana has no interest whatsoever in this Kentucky lawsuit and it is hard to discern what interest a Kentucky court would be promoting by applying the Indiana law.

One of the earliest cases which rejected the old rule is Babcock v. Jackson, 12 N.Y. 2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), wherein the New York Court of Appeals refused to apply an Ontario guest statute, though the accident happened there, in a suit between New York residents brought in New York. A theory variously known as "center-of-gravity" or "grouping-of-contacts" or "most significant-contacts" was applied.[1] The theory is thus stated in Tentative Draft No. 9, Restatement (Second), Conflict of Laws, section 379(a) (1964):

"In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, *unless some*

1. For further research on this problem, attention is directed to the following: 95 A.L.R.2d 1, Choice of Law in Application of Automobile Guest Statutes; 51 Calif. Law Review (1963) 762, The Second Conflicts Restatement of Torts: A Caveat; 63 Columbia Law Review (1963) 1212, Comments on Babcock v. Jackson; 1964 Wis.Law Review 316, Babcock v. Jackson: A Possible Solution to Conflicts Confusion in Wisconsin; Dicey, Conflicts of Law (7th Ed.) (1958), p. 737 et seq.; Leflar, The Law of Conflicts of Laws (1959), p. 217 et seq.; Strumberg, Principles of Conflicts of Law (2d Ed.) (1951), p. 201 et seq.; 64 Harv.L. Rev. 81, Morris, the Proper Law of a Tort; 69 Yale L.J. 595, Ehrenzweig, Guest Statutes in the Conflict of Laws; Leflar, Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U.L.Rev. 267.

*other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern."* (Emphasis added.)

Other cases of significance on this point are Griffith v. United Air Lines, Inc., 416 Pa. 3, 203 A.2d 796 (1964); Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965); Thompson v. Thompson, 105 N.H. 86, 193 A.2d 439, 96 A.L.R.2d 969 (1963); Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66 (1966); and Clark v. Clark, supra. These opinions strike us as eminently sound.

We recognize that an attempt to apply this rule in complex situations might involve an unstable exercise in legal gymnastics. Consequently, at this time we limit the application of the rule to a very clear case, such as we have here.

■ All of the interests involved (other than the fortuitous place of the accident) are Kentucky interests. The guest passenger's right of action against the driver will be determined by Kentucky law, the law of the state in which both are domiciled and to which they intended to and did return.

■ An additional reason for this conclusion is that it has been held to be against the public policy of this state to enact legislation which undertakes to take away the right to recover for death resulting from negligence, or wrongful act amounting to anything less than an intentional act.

Ludwig v. Johnson, 243 Ky. 533, 49 S.W.2d 347 (1932).

The judgment is reversed.

HILL, MILLIKEN, PALMORE, and STEINFELD, JJ., concur.

MONTGOMERY and OSBORNE, JJ., dissent.

MONTGOMERY Judge (dissenting).

I respectfully dissent because I feel that the rule in Ansback v. Greenberg, Ky., 256 S.W.2d 1, approved in Drahmann's Adm'x v. Brink's Adm'x, Ky., 290 S.W.2d 449, should be upheld. Admittedly the simplicity of application of the Ansback rule has merit. The fact that the rule is well established and therefore serves as a guide to those seeking to advise their clients is equally meritorious. The adoption of the rule in the majority opinion may well lead to "court hopping" to find a favorable forum.

The majority opinion recognizes the difficulty of application of this rule and seeks to limit its application "to a very clear case." Does this mean that in an unclear case a different rule will obtain?

The difficulties inherent in the application of such a rule when compared with the simplicity of the application of the old well-established rule convinces me that we should remain with the old rule set out in the two cases cited.

For these reasons I respectfully dissent.

OSBORNE, J., joins in this dissent.