Shirley A. BENNETT, Plaintiff,

v.

Kenneth E. MACY, Defendant.

No. 6290.

United States District Court,
W. D. Kentucky,
at Louisville.

Jan. 19, 1971.

Victor E. Tackett, Louisville, Ky., for plaintiff.

Chester Allen Vittitow, Jr., Louisville, Ky., for defendant.

MEMORANDUM AND ORDER

BRATCHER, District Judge.

The plaintiff, Shirley Bennett, was a guest passenger in an automobile owned and operated by the defendant, Kenneth Macy. The automobile had been driven

from Louisville, Kentucky across the Ohio River into Jeffersonville, Indiana and on the return trip to Louisville the automobile was involved in an accident in Indiana on the Interstate 65 exit ramp entering onto Indiana Highway 460. The plaintiff brought suit in Jefferson County, Kentucky, Circuit Court, and the case has been properly removed to this Court. Jurisdiction is based on diversity of citizenship.

The defendant pleaded the Indiana Guest Statute (Burns Statute 47–1021) as a defense and the plaintiff has now moved that the defense of the Indiana Guest Statute be stricken from the amended answer based upon the contention that Kentucky law, not Indiana law, is applicable.

Under the Indiana Guest Statute, supra, a guest passenger in an automobile cannot recover for personal injuries unless such injuries are caused by the wanton or wilful misconduct of the operator of the automobile. On the other hand, Kentucky substantive law has no such restriction. See Arnett v. Thompson, Ky., 433 S.W.2d 109 (1968).

■ If the plaintiff's position is meritorious and if this Court finds that Indiana law is not applicable, then such a defense is insufficient and plaintiff's motion to strike must be sustained. See Shenandoah Life Insurance Company v. Hawes, 37 F.R.D. 526 (E.D.N.C.1965); Truck Insurance Exchange v. Board of County Road Commissioners of Montcalm County, 244 F.Supp. 782 (W.D. Mich.1965).

■ To determine this conflict of laws dilemma this Court must first examine the lex fori or the law of the forum for a determination of whether or not there is any restriction which prohibits the recognition or application of foreign law. See United Construction Company v. Milam, 6th Cir., 124 F.2d 670 (1942) and Myers v. Alvey-Ferguson Company, 6th Cir., 331 F.2d 223 (1964).

Therefore, Kentucky conflict of laws rules must be examined to determine the legal effect of applying the Indiana Guest Statute to the instant case.

■ The controlling authority is Wessling v. Paris, Ky., 417 S.W.2d 259 (1967), which involved an automobile accident in Indiana. As in the present case, the crucial issue was whether the Indiana Guest Statute applied. This was a landmark decision and altered Kentucky's position in recognizing foreign guest statutes. Previous to this decision it had been Kentucky's policy to apply the law of the state where the tort occurred; however, Kentucky's present position is now synonymous with the theory established in Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), which rejecter the rule Kentucky previously relied on.

In establishing this new theory the Kentucky Court of Appeals stated:

"In an action for a personal injury, the local law of the estate where the injury occurred determines the right and liabilities of the parties, *unless some other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern.*" (Emphasis added.)

The facts involved in the case became of paramount importance in determining if such a significant relationship existed. In *Wessling,* supra, all of the interests involved (other than the fortuitous place of the Indiana accident) were Kentucky interests. Both parties were domiciled in Kentucky; suit was brought in Kentucky; the automobile trip was initiated in Kentucky, and the parties intended to and did return to Kentucky.

The *Wessling,* supra, decision, however, not only placed much emphasis on the surrounding facts but also upon Kentucky public policy which is repugnant to any legislation similar to the Indiana Guest Statute.

Therefore, based on this, the guest passenger's right of action against the driver was determined by Kentucky law.

The Kentucky court, however, limited the application of this new rule to a very clear case.

Thus, in determining whether or not the Indiana Guest Statute is applicable to the instant case, it is imperative to carefully examine the present surrounding facts to see whether or not Kentucky has a more significant relationship with the occurrence and the parties, as to the particular issue involved, than does Indiana.

The facts, with few exceptions, are very similar to those of *Wessling*, supra. At the time of the accident the plaintiff was a Louisville, Kentucky, resident and was employed at the Brown and Williamson Tobacco Company. The defendant, on the other hand, had been a lifelong resident of southern Indiana and his car registration and insurance were in Indiana; however, this fact is somewhat misleading because the defendant spent a considerable amount of his time in Kentucky. At the time of the accident the defendant had been a full-time employee for nine months at the Brown-Forman Distillery in Louisville and was still employed there according to his deposition taken almost a year later. The parties met at a nightclub in Louisville and, at the time of the accident, they were on a date and had been steadily dating each other for approximately 2–½ months. Due to this relationship, the defendant testified that he spent approximately 50% of his social life in Louisville.

The remaining essential facts are identical to the *Wessling* case, supra. Suit was initiated in Kentucky and removed to this Court based on diversity of citizenship. The automobile trip began in Kentucky with the defendant picking up the plaintiff at work, and at the time of the accident the parties were returning to Kentucky.

Thus, although the defendant was an Indiana resident, the facts show that he had a significant relationship with Kentucky. In other words, not only was the defendant gainfully employed in Kentucky, but he also spent much time with a Kentucky resident, the plaintiff, and was involved in driving his car much of the time in Kentucky.

Under these facts it would be a grave injustice to subject the plaintiff to the harshness of the Indiana Guest Statute just because the parties happened to be in Indiana but returning to Kentucky, where the injured party was a Kentucky resident but who happened to be a guest passenger with an Indiana resident, who had very significant contacts with Kentucky. In fact, there is a great likelihood to suspect that the parties may never have met if it had not been for the defendant's significant relationship with Kentucky.

In quoting from *Wessling*, supra:

"It would be strange if under Kentucky law the respective parties should undergo some metamorphis at a point on the bridge just before reaching the Indiana shore."

Thus, this Court finds that the present facts do not preclude the plaintiff's right of action being determined by Kentucky law. The plaintiff is a Kentucky resident, and the defendant, although an Indiana resident, had significant contact with Kentucky. The suit was initiated in Kentucky and the automobile trip began in Kentucky with the accident happening on the return trip to Kentucky. Furthermore, as in *Wessling*, supra, Kentucky public policy adds support to this conclusion. See Ludwig v. Johnson, 243 Ky. 533, 49 S. W.2d 347 (1932).

Wherefore, it is ordered that the plaintiff's motions to strike be granted and sustained and that the defense of the Indiana Guest Statute (Burns Statute 47–1021) be stricken from the defendant's amended answer.