Samantha KENNEDY

v.

Karl ZIESMANN, M.D., John W. Brogan, M.D., Donald S. Cullen, M.D., Bethesda Hospital.

No. 80–159.

United States District Court, E. D. Kentucky, Covington Division.

Sept. 24, 1981.

Bill G. Wilder, Jan Paul Koch, Florence, Ky., for plaintiff.

Leo J. Breslin, Cincinnati, Ohio, for Ziesmann.

David A. Kohnen, Cincinnati, Ohio, for Brogan & Cullen.

Walter E. Haggerty, Cincinnati, Ohio, for Bethesda.

## MEMORANDUM OPINION

BERTELSMAN, District Judge.

This matter is before the court on a motion for a pretrial ruling as to whether the applicable law in this medical malpractice action is that of Ohio or Kentucky.

Basically, the facts are that the plaintiff consulted with the defendant Dr. Brogan, a plastic surgeon, in his Kentucky office, and he arranged to have certain surgical procedures performed on her at Bethesda Hospital in Cincinnati, Ohio, which is also a defendant herein. Cincinnati and Northern Kentucky are part of the same metropolitan area. The defendant Dr. Ziesmann, an obstetrician, was to coordinate and cooperate with Dr. Brogan in the surgery, Brogan performing a plastic surgery procedure and Ziesmann performing an obstetrical procedure. Plaintiff alleges that in this process one or more of the defendants committed negligence in failing to test her for pregnancy prior to the administration of anesthetic to her in connection with this dual procedure. By reason of this negligence, she claims, she underwent an abortion, when after the procedure she discovered that she was pregnant at the time the anesthetic was administered. She states she elected to have the abortion because of her fear her child might prove to be impaired as

a result of her being exposed to the anesthetic while she was pregnant.

The choice of law issue in this case is particularly important, because the defendants are claiming that they are entitled to the benefit of the Ohio medical claim act,[1] which requires a court in which a medical malpractice case is pending, to cooperate in the appointment of a panel of arbitrators and to refer the matter to arbitration. Thereafter, the findings of the arbitration panel are required to be included in the pleadings and admitted into evidence.

There is some doubt in the mind of this court whether the Ohio medical claim statute would be binding on this court under the doctrine of *Erie Railroad Company v. Tompkins.* See the decision of this court in *Boggs v. Blue Diamond Coal Company.*[2] However, it is not necessary for the court to resolve this question, because it is of the opinion, and hereby holds, that it is the duty of the court to apply Kentucky law to all defendants in this case over which it has personal jurisdiction.

The Kentucky choice-of-law rules in tort actions are summarized in the decision of that state's highest Court in *Foster v. Leggett.*[3] There, the Court clearly stated its preference for the application of Kentucky law to cases pending in Kentucky courts. It said:

"When the court has jurisdiction of the parties its primary responsibility is to follow its own substantive law. The basic law is the law of the forum, which should not be displaced without valid reasons. We have not, therefore, tried to adopt a rule, or rules, for all cases of this kind which may come before us.

\*      \*      \*      \*      \*      \*

"... We are now reaffirming our position taken in *Wessling v. Paris, supra,* that if there are significant contacts—not necessarily the most significant contacts—with Kentucky, the Kentucky law should be applied."

Analyzing the facts of this matter, this court finds the following significant contacts of this litigation with Kentucky:

1. The plaintiff is a resident of Kentucky.

2. The action is pending in a Kentucky court.

3. The plaintiff initially sought medical treatment in Kentucky from a physician who maintained an office in Kentucky.

4. If personal jurisdiction over the defendant Bethesda Hospital is sustained, it will be on the basis that the defendant Brogan, as a member of the staff of defendant Bethesda, acted as its agent in booking Kentucky residents as patients of Bethesda.

5. Perhaps the most significant factor is that a Kentucky resident, who sought medical treatment in Kentucky, would, if defendant's theory prevails, be subjected to the Ohio medical claim act, which provides for a procedure which is arguably contrary to Kentucky's public policy, to the effect that all persons should have an early day in court and the right to a trial in court in personal injury actions.[4] The application of

---

1. O.R.C. § 2711.21.

2. 497 F.Supp. 1105 (E.D.Ky.1980). *But see Sander v. Providence Hospital,* 483 F.Supp. 895 (S.D.Ohio 1979).

3. 484 S.W.2d 827 (Ky.1972). *See also Wessling v. Paris,* 417 S.W.2d 259 (Ky.1967); *Arnett v. Thompson,* 433 S.W.2d 190 (Ky.1968); *Grant v. Bill Walker Pontiac—GMC, Inc.,* 523 F.2d 1301 (6th Cir. 1975).

4. Ky. Constitution § 14 reads:
   "**Courts to be open and speedy trial guaranteed.**

"All courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." *Cf.* Ky. Constitution § 54 which reads:
"**Injuries to person or property; recovery not limited.**

"The general assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."
This provision has received a broad interpretation. *See* discussion in *Saylor v. Hall,* 497 S.W.2d 218 (1973) (Reed, J.).

a foreign statute, which is contrary to Kentucky public policy, to a Kentucky resident is a factor in choosing whether or not to apply Kentucky law.[5]

In the light of the above considerations, it seems apparent to this court that the Kentucky state courts would apply Kentucky law, if this action had been brought there. Of course, this court is bound to apply in this diversity case the choice of law rules of the state where it sits.[6] Therefore, this court holds that Kentucky law shall apply to all substantive issues arising in this action.

It should be noted for the record that the issue of whether or not the defendants Bethesda and Ziesmann are subject to the personal jurisdiction of the court remains to be determined. This opinion expresses no view on the merits of those issues, which remain for further consideration by the court.

Order accordingly.

---

**5.** *Wessling v. Paris*, 417 S.W.2d 259, 261 (Ky. 1967).

**6.** *Klaxon Company v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020,

85 L.Ed. 1477 (1941); *Grant v. Bill Walker Pontiac—GMC, Inc.*, 523 F.2d 1301 (6th Cir. 1975).