Noble v. Clawson, No. 418-10-10 Bncv  (Wesley, J., July 1, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **Civil Division** |
| **Windham Unit.** | **Docket No. 418-10-10 Bncv** |

**PATRICIA NOBLE,**
    **Plaintiff**

    **v.**

**RYAN CLAWSON, DAIRYLAND,**
**INSURANCE COMPANY, ALLSTATE**
**INSURANCE COMPANY, AND**
**ESURANCE INSURANCE COMPANY,**
    **Defendants**

**ORDER ON MOTIONS FOR**
**PARTIAL SUMMARY JUDGMENT**

On August 7, 2010, Plaintiff Patricia Noble was operating a motorcycle in Bennington, Vermont when Ryan Clawson turned left in front of her, causing a collision. Ms. Noble suffered injuries and brought suit against Mr. Clawson and various insurance companies.  Currently pending are Motions for Partial Summary Judgment filed by Plaintiff, Defendant Esurance Insurance Company (Esurance), and Defendant Allstate Insurance Company (Allstate).  The pivotal issue in each of these motions is whether Plaintiff may stack the underinsured motorist (UIM) coverage provided by the various Defendants.[1]

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3).  Where both parties seek summary judgment, "each must be given the benefit of all reasonable doubts and inferences when the opposing party's motion is being evaluated." *Northern Sec. Ins. Co. v. Rosenthal*, 2009 VT 83, ¶ 4, 186 Vt. 578 (citation omitted).

**Facts**

The undisputed material facts are as follows.  On August 7, 2010 Plaintiff was riding on a motorcycle when Defendant Ryan Clawson turned in front of her, causing an accident.  As a result, Ms. Noble suffered various injuries.  The motorcycle was owned by Plaintiff's father, John Noble, and insured by Defendant Dairyland Insurance Company (Dairyland).[2]

---

[1] This type of coverage is referred to as SUM in New York, but for simplicity the Court refers to it only as UIM.

[2] There is some confusion as to whether the motorcycle is jointly owned by Peter Noble, although this does not affect the Court's analysis.

Plaintiff lives with her parents in Hoosick Falls, New York where she owns a car insured by Esurance. This policy was issued to Plaintiff in New York, the car is garaged in New York, and Plaintiff paid premiums for the policy from a New York Bank.

Plaintiff's Parents, John and Bertilla Noble, have their own vehicles which they insure with Allstate. John and Bertilla Noble reside in New York and their policy was mailed to them in New York. Their vehicles are registered in New York and garaged in New York. Plaintiff is covered under this policy as a relative living in the same household of the named insureds.

### Policy Coverage Limits

Defendant Clawson's Policy

Third Party Liability coverage of $50,000 per person or $100,000 per accident.[3]

Plaintiff Noble's Esurance Policy

Third-party liability coverage of $25,000 per person or $50,000 per accident.
UIM coverage of $25,000 per person or $50,000 per accident.

Plaintiff's Parents' Allstate Policy

UIM coverage of $100,000 per person or $300,000 per accident.

### Policy Provisions

Defendant Esurance's Policy

Regardless of the number of vehicles involved, persons covered, claims made, vehicles or premiums shown in this policy, or premiums paid, the limits, whether for uninsured motorists coverage, shall never be added together or combined for two or more vehicles to determine the extent of insurance coverage available to an insured injured in the same accident.

* * *

If an insured is entitled to uninsured motorists coverage or supplementary uninsured/underinsured motorists coverage under more than one policy, the maximum amount such insured my recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy.

Defendant Allstate's Policy

The maximum amount payable under [UIM] coverage shall be the policy's [UIM] limits, reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specific in the [UIM] endorsement.

Maximum [UIM] Payments: Regardless of the number of insureds, our maximum payments under this [UIM] Endorsement shall be the difference between:

---

[3] Defendant Clawson has settled for the policy limits of $50,000.

2

(a) the [UIM] limits; and

(b) the motor vehicle bodily injury liability insurance or bond
payment received by the insured…

\* \* \*

Non-Stacking: Regardless of the number of vehicles involved,
persons covered, claims made, vehicles or premiums shown in this
policy, or premiums paid, the limits, whether for uninsured
motorists coverage, shall never be added together or combined for
two or more vehicles to determine the extent of insurance coverage
available to an insured injured in the same accident.

\* \* \*

A.) If the state or province has:

2.) A Compulsory insurance or similar law requiring a non-
resident to maintain insurance whenever the non-resident uses a
vehicle in that state or province, your policy will provide at lease
the required minimum amounts and types of coverage.

### Discussion

Defendants' arguments on summary judgment are as follows: (1) New York law
governs this dispute; (2) Plaintiff is not entitled to Personal injury protection benefits
because she was operating a motorcycle at the time of the accident; (3) Plaintiff may not
stack UIM coverage from the various defendants; and (4) Plaintiff is not entitled to any
UIM coverage from Esurance because Defendant Clawson was not underinsured pursuant
to New York law.

It is undisputed that all insurance policies were issued in New York, to New York
residents, for vehicles principally garaged in New York.  The parties agree that, under
choice of law principles, New York law governs this dispute. See *Gamache v. Smurro*,
2006 VT 67, ¶7, 180 Vt. 113.  Therefore, Defendants' request for summary judgment on
this issue is **GRANTED**.  The parties also agree that Ms. Noble is not entitled to Personal
Injury Protection (PIP) benefits from either Defendant because she was operating a
motorcycle at the time of the accident.  Defendants' motion on the issue of PIP benefits is
therefore **GRANTED**.

### UIM Stacking

Both policies currently at issue contain anti-stacking provisions, quoted above,
which disallow the stacking of UIM coverage.[4]  These provisions are enforceable in New
York. *In re Met Life Auto & Home v. Leonorovitz*, 24 A.D.3d 675, 676 (N.Y. App. Div.
2005)(enforcing identical anti-stacking provisions).  However, New York Insurance Law
provides that "every owner's policy of liability insurance issued…shall also provide,
when a motor vehicle is used or operated in any other state…insurance coverage for such
vehicle at least in the minimum amount required by the laws of the state." N.Y. Insurance
Law § 5103(e) (McKinney 2011).  The regulation implementing the statute specifies that
New York policies must "provide at least the minimum amount and **kind of coverage**
which is required in such cases under the laws of such other jurisdiction." 11 NYCRR 60-

---

[4] Stacking is the "process of obtaining benefits from a second policy on the same claim when recovery
from the first policy alone would be inadequate." Black's Law Dictionary 1440 (8th ed. 2004).

1.1(e)(emphasis added). Therefore, even though New York law governs this dispute under conflict of law principles, this Court must be guided by Vermont law concerning the minimum "amount and kind of coverage" available to Plaintiff. *Id*.

Under Vermont Law, UIM coverage cannot be reduced by an interpolicy anti-stacking provision. 23 V.S.A. § 941; *Monteith v. Jefferson Ins. Co.*, 159 Vt. 378, 864-68 (1992). Such anti-stacking provisions will not be enforced. *Id*. Therefore, the Court must determine whether the ability to stack UIM coverage is part of the "kind of coverage" required in Vermont, such that New York Insurance Law § 5103 requires insurers to provide it to insureds operating in this state.

This case mirrors the recent Addison Superior Court case of *Sabo v. Progressive Northwestern Ins. Co.*, No. 203-7-08 Ancv (Vt. Super. Ct. June 23, 2009) (Corsones, J.). In *Sabo*, the Plaintiffs were New York residents who were involved in an accident while riding their motorcycle in Vermont. They sustained serious injuries as result of the accident and attempted to stack UIM coverage to cover their medical costs. The insurance companies argued that the anti-stacking provisions in their New York policies were valid prohibitions on stacking, even though the accident occurred in Vermont. Without extensive analysis and drawing on the above mentioned authority, the Court ruled that the anti-stacking provisions were unenforceable.

This Court agrees with the Addison Superior Court and finds that the plain language of the applicable statutes requires the Defendant Insurance Companies to provide Plaintiff with stackable UIM coverage as part of the minimum kind of coverage required in Vermont. Plaintiff's request for summary judgment on this issue is therefore **GRANTED**.

The Court finds some support from the New York case of *American Transit Ins. Co. v. Abdelghany*, 603 N.E.2d 947 (1992). In *Abdelghany*, the Court of Appeals of New York consolidated two cases involving New York drivers injured in accidents in New Jersey. The Court considered "whether Insurance Law § 5103(e) and the implementing Insurance Department regulation (11 NYCRR 60-1.1(e)) require that every New York automobile insurance policy provide the minimum uninsured motorist coverage mandated by the law of another State when the insured automobile is involved in an accident in that State." The Court ruled that (1) the New York insurer was obligated to provide UIM coverage for an accident with a "phantom" car because New Jersey's UIM law required such coverage even when there was no physical contact with the other car; and (2) the minimum UIM coverage must be read into the New York policy. *Id*. at 950. Notable is the fact that New York law did not permit UIM coverage for an accident with a "phantom" car. From this, it appears that the New York Court is willing to require insurance coverage to insureds in other states which is specifically disallowed in New York. See also *Atlantic Mutual Ins. Co v. Goglia*, 845 N.Y.S.2d 2 (App.Div. 2007) (New York driver involved in non-impact crash in NJ allowed to recover UIM benefits based on NJ law, despite New York law disallowing such benefits in the absence of physical contact between the vehicles).

Esurance cites *Glens Falls Insurance Company v. Sybalsky*, 46 Conn.App. 313 (1997), in support of their position that stacking should not be read into the insurance policy.[5] In *Sybalsky*, Plaintiffs from New York were injured in a car accident in

---

[5] Defendant Allstate also cites a string of cases for the proposition that "Plaintiff – a New York Resident – should not reap the benefit of Vermont's stacking laws simply because she was fortuitous in the location of

4

Connecticut. The bulk of the opinion discusses whether Plaintiffs were entitled to have their UIM coverage increased to $340,000 to match their liability coverage, or if they were only entitled to the $50,000 that they had purchased. In the last two paragraphs of the opinion, the Court addresses whether the Plaintiffs could stack UIM coverage of their four cars which were all insured under the same policy. *Id*. at 320-21. The Court did not allow Plaintiffs to stack their UIM coverage. *Id*. While the Court mentioned that New York law would prohibit stacking of UIM benefits, the deciding factor was that UIM stacking was not permitted under *Connecticut* law. *Id*. at 321. *Sybalsky* simply does not address the pending issues regarding the stacking of UIM benefits where such stacking would be allowed in the jurisdiction, nor does it involve § 5103(e) of New York's Insurance Law, which is the lynchpin of this Court's decision.

Allstate also argues that 11 NYCRR 60-2.3(d)(2) indicates that New York's anti-stacking provisions are to be enforced in other jurisdictions, regardless of the language of § 5103(e) and 11 NYCRR 60-1.1(e). This regulation states, "[t]he prescribed [UIM] endorsement…applies to accidents in and out of New York State, subject to the territorial limits stated in the [UIM] endorsement." 11 NYCRR 60-2.3(d)(2). It appears that this regulation places requirements on insurers to provide UIM coverage for accidents occurring in other states. Nothing in this regulation indicates that insurers are not required to provide the minimum coverage of other jurisdictions as mandated by § 5103(e) of New York's Insurance Law.

In sum, stackable UIM coverage is the minimum "kind of coverage" required in Vermont. As such, New York Insurance Law § 5103(e) requires Insurers to provide this coverage to their insureds when they are operating in this state. This follows from the plain language of the statutes as supported by both Vermont and New York case law.

### UIM Coverage Availability

Defendant Esurance argues that under New York law, Mr. Clawson is not underinsured. And, consequently, that no UIM coverage is triggered for any policy regardless of whether such coverage may be stacked.

New York Insurance Law § 3420 provides that UIM "coverage is only triggered where the bodily injury liability of the policy covering the tortfeasor's vehicle are less than the third-party liability limits of the policy under which a party is seeming [UIM] benefits." *Allstate Ins. Co. v. Rivera*, 911 N.E.2d 817, 820 (N.Y. 2009). The statute requires a facial comparison of the policy limits of the relevant insurance policies to determine if UIM coverage is available. *Id*. Here, because Mr. Clawson's carried third party coverage twice that of Ms. Noble, he would not be considered underinsured under New York law, and UIM coverage would not be available to Ms. Noble. Such a rule is consistent with New York's enforcement of anti-stacking provisions.

---

her accident in Vermont." *Tenas v. Progressive*, 197 P.3d 990 (Mont. 2008); *Poore v. Nationwide*, 208 S.W.3d 269 (Ky.Ct.App. 2006); *Nodak v. Wamsley*, 2004 ND 174 (2004); *Ohayon v. Safeco*, 91 Ohio St.3d 474 (2001); *Jepson v. General Casualty*; 513 N.W.2d 467 (Minn. 1994); *Johnson v. Neal*, 187 W. Va. 239 (1992). The cases cited, however, do not warrant discussion as they all focus on disputes over the choice of law. Here, there is no choice of law issue, rather, the question is of statutory interpretation and whether New York Law requires the application of Vermont law under these circumstances. Further, the Court notes that the precise effect of § 5103(e) is to increase coverage for New York drivers when they are operating in a state which requires additional insurance coverage. When accidents occur under such circumstances, the "fortuitous" result is a necessary byproduct of lawful operation within the state.

5

In Vermont, however, a person is considered underinsured if the tortfeasor's liability limits are less than the entire amount of UIM coverage under all available policies. 23 V.S.A. § 941(f); *Monteith*, 159 Vt. at 383-85. Having concluded that Plaintiff in this case may stack the UIM coverage provided by the various Defendants, Vermont law concerning when UIM coverage is available must also apply. Indeed, it would make little sense to permit stacking of UIM coverage and then not take into consideration the total amount of coverage available when determining whether a tortfeasor is underinsured.

### Minimum Coverage

Vermont requires that its drivers carry a minimum of $50,000 for one person in UIM coverage. 23 V.S.A. § 941. Ms. Noble's Esurance policy only provided for $25,000 in UIM coverage. As explained above, New York Insurance Law § 5103(e) requires that Esurance provide the minimum amount of coverage mandated by Vermont. Esurance must therefore provide $50,000 of UIM coverage to Plaintiff. It does not appear that Esurance disputes this, given that its Opposition to Plaintiff's Motion for Partial Summary Judgment it asserts that it complies with the coverage requirements of Vermont law by providing $50,000 in UIM coverage. New York law clearly requires this result.

### Insurance Coverage and Priority

Having found that Plaintiff may stack UIM coverage, the priority and UIM coverage limits are as follows.[6]

1. Dairyland, as the insurer of the motorcycle, is the primary insurer of the accident. Dairland is obligated to provide the mandatory minimum UIM coverage of $50,000. 23 V.S.A. § 941(c). This amount is offset by the $50,000 settlement already paid by Mr. Clawson, and Dairyland's liability is therefore extinguished. See *Humphrey v. Vermont Mut. Auto. Ins. Co.*, 2009 VT 53, ¶12-15, 186 Vt. 537 (discussing insurance settlement offsets).

2. Esurance, as the insurer of Ms. Noble's automobile which was not involved in the accident, must provide the Vermont minimum UIM coverage of $50,000.

3. Allstate, as insurer of a motor vehicle not involved in the accident where the injured person is an insured other than a named insured, must provide UIM coverage of $100,000 as per their policy limits.

---

[6] The priority of coverage clauses in the policies of Dairyland, Esurance, and Allstate are identical and state that the following order of priority should apply:
    (a) A policy coving a motor vehicle occupied by the injured person at the time of the accident.
    (b) A policy covering a motor vehicle not involved in the accident under which the injured person is a named insured; and
    (c) A policy covering a motor vehicle not involved in the accident under which the injured person is an insured other than a named insured.

Based on the foregoing, it is hereby **ORDERED**:

Defendants' motion on the issue of choice of law is **GRANTED**.

Defendants' motion on the issue of PIP coverage is **GRANTED**.

Defendant Esurance's motion for summary judgment based on the unavailability of UIM coverage in New York is **DENIED**.

Plaintiff's motion on the issue of stacking UIM coverage is **GRANTED**. Therefore, Defendants' motion on this issue is **DENIED.**

DATED                              , at Bennington, Vermont,


_____
John Wesley
Presiding Judge